UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT HOLT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02604-JRO-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER TO SHOW CAUSE

On December 15, 2025, Robert Holt filed a habeas action under 28 U.S.C. § 2254 challenging his confinement in state prison for a 50-year sentence based on his 2005 convictions in Marion County Case 49G06-0408-FA-139320. Dkt. 1 at 1. In his petition, Holt alleges two grounds for relief: (1) Indiana's sentencing procedure is unconstitutional as it violated his right to trial by jury under the Fifth and Sixth Amendments; and (2) trial counsel's failure to inform him of a plea offer denied him his Sixth Amendment right to effective assistance of counsel. *Id.* at 3. Because it appears Holt's current petition is time-barred and Holt failed to exhaust remedies in the state courts for the claims raised in his petition, the Court makes the following rulings.

### I.

### SECOND OR SUCCESSIVE PETITION

The Court acknowledges that Holt previously filed a federal petition challenging his confinement under the same state court judgment; however, that petition was denied without prejudice on November 23, 2010, for failure to

prosecute.  *See Holt v. Superintendent*, No. 1:10-cv-00560-RLY-TAB.  Because that prior federal petition was dismissed without prejudice and there was no ruling on the merits of that petition, the current petition is not an unauthorized second or successive petition within the meaning of 28 U.S.C. § 2244.  *See e.g. Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). *See also, e.g., Frier v. Watters*, No. 07-C-328, 2007 WL 1227531, at *1 (E.D. Wis. Apr. 24, 2007) (stating, "[b]ecause the district court's dismissal of Frier's first habeas petition was for failure to prosecute and without prejudice, it does not count against him as his first petition.").

## II.

### FILING FEE

Holt has neither applied to proceed in this action *in forma pauperis* nor paid the $5.00 filing fee.  Holt has **through May 14, 2026**, to pay the $5.00 filing fee or demonstrate his inability to pay the fee by submitting a completed application to proceed *in forma pauperis*, with proof, such as a copy of his most recent trust account statement, showing he cannot afford to pay the filing fee.

## III.

### TIMELINESS OF PETITION

Holt must show cause why his petition should not be dismissed as time barred.  He cannot make that showing.

**A.  The 1-year limitation period bars his petition.**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs the Court to conduct a preliminary review of every habeas

corpus petition and to dismiss the petition if, from its face, it appears the petitioner is not entitled to relief.

To "[c]urb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *See Williams v. Taylor*, 529 U.S. 362, 404 (2000). Generally, there is a one-year limitation period for filing a habeas corpus action, which is triggered by the latest of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Holt's limitation period for filing a federal habeas petition expired on September 20, 2010. The Court takes judicial notice of the chronological case summary for Case No. 49G06-0408-FA-139320 (available on mycase.in.gov), which states Holt was sentenced on March 23, 2005. Holt directly appealed

3

(Case No. 49A05-0508-CR-472), and the Court of Appeals affirmed on September 29, 2006.  *See Holt v. State*, 854 N.E.2d 1225 (Ind. Ct. App. 2006).  The Indiana Supreme Court denied transfer on November 14, 2006.  *Holt v. State*, 860 N.E.2d 597 (Ind. 2006) (table); Dkt. 1 at 1.  Holt's conviction and sentence became final 90 days later—on February 12, 2007.  *See* S. Ct. R. 13(1) (providing 90 days after entry of judgment to seek certiorari to the United States Supreme Court); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The one-year period of limitation for filing Holt's petition began on February 13, 2007, and ran for 219 days until the day before he filed his first state post-conviction petition (Case No. 49G06-0408-FB-139320) on September 21, 2007.  28 U.S.C. § 2244(d)(2) (tolling the limitations period during pendency of a "properly filed application for State post-conviction or other collateral review.").  The denial of the petition was affirmed on appeal on February 11, 2010.  *See Holt v. State*, 921 N.E.2d 56 (Ind. Ct. App. 2010); Dkt. 1 at 2.  The federal limitations period resumed on March 28, 2010, after the time for filing a petition for transfer expired on March 27, 2010.  *See* Ind. R. App. P. 57(C) (requiring that petition for transfer be filed no later than 45 days after the adverse decision in the Court of Appeals if rehearing is not sought.)  Because on March 28, 2010, Holt had approximately 146 days remaining of his 365-day limitation period to file a federal habeas petition, his limitation period for filing a federal habeas petition expired on or around August 23, 2010—and in any case well before 2025.  Because Holt filed his petition on December 15, 2025, docket

[1], his petition is untimely unless he can establish his entitlement to an exception to the limitation period.

Holt asserts the claim in Ground 1 of his federal petition was raised in a request to file a successive state post-conviction petition (Case No. 25A-SP-2642), which the Indiana Court of Appeals denied on November 21, 2025. Dkt. 1 at 2. The Court takes judicial notice that, according to the chronological case summary for that proceeding (available at mycase.in.gov), Holt's request was denied because the Indiana Court of Appeals found he "failed to establish a reasonable probability that Petitioner is entitled to post-conviction relief." *Id.* And, according to the chronological case summary, Holt did not seek transfer to the Indiana Supreme Court. *Id.*

Acknowledging the untimeliness of his federal petition, Holt attempts to invoke a later limitation period for his claim in Ground 1 (challenging the constitutionality of the state mandatory sentencing statute) under 28 U.S.C. § 2244(d)(1)(C) by alleging the Supreme Court newly recognized a constitutional right made retroactively applicable to cases on collateral review. Dkt. 1 at 3, 5. He asserts the following cases as a basis for a later limitation period: *United States v. Haymond*, 588 U.S. 634 (2019); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Rucker v. Warden*, No. 3:19-CV-201 DRL, 2023 WL 2599519, at *11 (N.D. Ind. Mar. 21, 2023). *Id.*

Even assuming without deciding that *Haymond* and *Blakeley* recognized new rights made retroactive on collateral review and thus triggered a new one-year deadline under 28 U.S.C. § 2244(d)(1)(C), Holt has not shown the deadline

for filing a claim for such rights would not have expired a year after those decisions, i.e., in 2005 or 2020.  And the decision in *Rucker* does not provide a basis for a new federal limitation period under 28 U.S.C. § 2244(d)(1)(C) as it is not a Supreme Court case.  Holt's failure to bring this action in a timely manner because of his failure to become aware of these court decisions does not excuse the untimeliness of its filing.

Acknowledging the untimeliness of his federal petition, Holt attempts to invoke a later limitation period for his claim in Ground 2 by alleging that information about a plea offer was recently discovered, *see* 28 U.S.C. § 2244(d)(1)(D), through his own investigation, dkt. 1 at 3.  Although the federal limitation period can be triggered by the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, *see id.*, Holt has provided no facts demonstrating that he could not have discovered the alleged plea offer through the exercise of due diligence during his state trial proceedings, which ended in 2005.  Without more, his bare assertion that he just discovered a plea offer had been presented is insufficient to trigger a new limitation period for that claim.

**B.    The petition is not subject to equitable tolling.**

Given that his petition was filled well-after the 1-year limitation period expired, Holt's petition for a writ of habeas corpus is subject to dismissal with prejudice unless he can establish entitlement to equitable tolling of the filing deadline.  He cannot.

"Equitable tolling—a court's decision to toll some period of time to allow a petitioner to overcome an otherwise breached limitations period—is an exceptional remedy available to a habeas petitioner who shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)).  The diligence requirement for equitable tolling "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control."  *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016).  The extraordinary circumstances test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control."  *Id.* at 256–57.  The burden of establishing grounds that warrant equitable tolling rests with the prisoner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "Lack of familiarity with the law, however, is not a circumstance that justifies equitable tolling."  *Id.* (citing *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008)).

Finally, "[a]ctual innocence is an equitable exception that renders the time limit set forth in section 2244(d)(1) inapplicable."  *Arnold v. Dittmann*, 901 F.3d 830, 836 (7th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).  But Holt challenges here only his sentencing and efficacy of trial counsel's assistance; he does not argue actual innocence.  Dkt. 1 at 3.

Nothing in Holt's petition suggests that he may benefit from equitable tolling.  Thus, his petition is untimely.

The Court may *sua sponte* consider the timeliness of a habeas petition but must afford the parties notice and an opportunity to be heard before acting on its own initiative to dismiss a petition as untimely. *See Day v. McDonough*, 547 U.S. 198 (2006). Accordingly, Holt has **through May 14, 2026**, to show cause why his petition should not be dismissed with prejudice as untimely.

## IV.

## EXHAUSTION

Assuming for argument's sake that Holt can show cause why his petition should not be dismissed as time-barred, Holt must show cause why his petition should not be dismissed for failure to exhaust his claims.

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (cleaned up); *see* 28 U.S.C. § 2254(b)(1)(A).

A state prisoner can procedurally default a federal claim by failing to exhaust his remedies in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999); *Jannke v. Gierach*, 159 F.4th 517, 521 (7th Cir. 2025). To properly exhaust state remedies and avoid procedural default, a petitioner must fairly present the claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings. *Jannke*, 159 F.4th at 521 (citations

omitted).  "[F]air presentation contemplates that both the operative facts and the controlling legal principles must be submitted to the state court."  *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995) (citing *Picard*, 404 U.S. at 277).

Holt states he presented Ground 1 of his petition to the state courts in a request to file a successive petition.  Dkt. 1 at 3.  The Court takes judicial notice that, according to the chronological case summary for his request to file a state successive petition, he did not seek transfer to the Indiana Supreme Court. Thus, even assuming he can overcome the untimeliness of his claim, he failed to raise his claim through one complete round of state court review and the claim is therefore unexhausted.   Additionally, Ground 2 is wholly unexhausted because Holt states he did not raise Ground 2 in the state courts.  Dkt. 1 at 3. Holt's claims in his petition are therefore subject to dismissal for failure to exhaust his remedies in state court.

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he shows: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *accord Jannke*, 159 F.4th at 521–22.  A claim for ineffective assistance of trial counsel may constitute "cause" only if a petitioner can demonstrate the following: (1) the claim of "ineffective assistance of trial counsel" is a "substantial" claim; (2) "cause" consists of "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding for the "ineffective-

9

assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *See Trevino v. Thaler*, 569 U.S. 413 (2013) (quoting *Martinez v. Ryan*, 566 U.S. 1 (2012)). To make this claim, Holt may not "expand the record in federal court without meeting the § 2254(e) requirements. *Weisheit v. Neal*, 151 F.4th 855, 870 (7th Cir. 2025) (citing *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022)). Notably, *Martinez* does not excuse failure to comply with AEDPA's one-year statute of limitation. *See, e.g., Moody v. Lumpkin*, 70 F.4th 884, 889 (5th Cir. 2023); *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1262 (11th Cir. 2014) ("*Martinez* does not alter the statutory bar against filing untimely § 2554 petitions.").

Holt's petition invokes none of the foregoing bases to avoid procedural default. But as with the untimeliness issue, Holt has **through May 14, 2026**, to show cause why his petition should not be dismissed with prejudice for failure to exhaust.

## V.

### CONCLUSION

Petitioner Robert Holt has **through May 14, 2026**, to pay the $5.00 filing fee or file a completed application to proceed *in forma pauperis*, with proof, such

as a copy of his most recent trust account statement, showing he cannot afford to pay the filing fee.

Holt also has **through May 14, 2026**, to show cause why his petition should not be dismissed with prejudice as time-barred and for failure to exhaust his remedies in state court proceedings.

**SO ORDERED.**

Date: 4/13/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ROBERT HOLT
112560
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064